EHRLICH, Justice,
dissenting.
Respondent was indicted by a grand jury in the United States District Court for the Eastern District of Michigan, Southern Division, on five felony charges. The charges concerned the importing and distributing of marijuana and the concealment of monies from this operation for income tax purposes. Pursuant to a plea agreement, he pled guilty to one count of a five-count indictment, making and subscribing a false individual income tax return in violation of Title 26 Section 7206(1) United States Code.[1] The court accepted the guilty plea and adjudicated respondent guilty of a felony and sentenced him to a term of imprisonment for a period of two years and ordered him to pay a committed fine of $5,000.
Respondent has a history of prior discipline from The Florida Bar, albeit it was a minor one. He received a grievance level private reprimand growing out of charges of conflict of interest.
The referee recommended a three-year suspension. The Florida Bar has asked that respondent be disbarred for a period of three years from the effective date of his felony suspension. I agree with the bar’s position.
I view respondent’s offense as a very serious one. In making and subscribing a false income tax return, he has committed an act of perjury and he is guilty of conduct involving moral turpitude. His motivation for the crime was pecuniary gain by understating his taxable income. In short, this was stealing from the government. I do not believe that the identity of the victim of the theft should make a difference in the gravity of the offense and the bar discipline that should be imposed. If this theft had involved a client or a business associate or a member of the public, anyone except the government, I do not think there would be any question but that disbarment would be viewed as the appropriate discipline. But since the victim of the theft is the government and the medium of the theft is a false income tax return, the Court apparently does not view the facts with the same gravity as if it were some other kind of theft from some more animate victim. I cannot draw this distinction. A crime for pecuniary gain, theft by whatever name, by a member of The Florida Bar, an officer of the Court, is to be roundly condemned and disbarment is the appropriate response from this Court.
I appreciate that a three-year suspension may be looked upon as the functional equivalent of disbarment since the period *152 during which the respondent is not permitted to practice is basically the same.[2] The difference is this, and in my opinion it is major: In disbarment the offender has to apply for readmission and must establish to the satisfaction of the Florida Board of Bar Examiners that he is rehabilitated and must establish legal competence by successfully taking The Florida Bar examination. Perhaps of more importance is the opprobrium of disbarment which is a cogent factor in the matter of deference.
Respondent has been convicted of a felony and has served time in prison. Anything less than disbarment can be looked upon as an abdication by this Court of its responsibilities in the supervision of an arm of this Court, The Florida Bar.
For these reasons, I dissent.
McDONALD, C.J., concurs.

. The statute provides that any person who "willfully makes and subscribes any return, statement, or other document, which contains or is verified by written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material fact” shall be guilty of a felony.

. Effective January 1, 1987, the minimum period for disbarment has been increased to five years. The Florida Bar Re: Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986).